# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:10-cr-00067-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| RYAN MITCHELL DSCHAK, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion for a release of detainer. [Doc. 112].

The Defendant is currently serving a 17-month term of imprisonment for violating the terms of his supervised release. [Doc. 86]. The Defendant is currently serving his federal prison term at FCI Manchester, and his projected release date is August 23, 2021. In his letter, the Defendant argues that the State of North Carolina has lodged a detainer against him that is no longer valid. The Defendant asks that this Court "help [him] get this bogus detainer removed so [he] can go home." [Id. at 1].

Before a federal prisoner seeks federal habeas relief from a state detainer, he must first exhaust the remedies provided by the Interstate

Agreement on Detainers in the courts of the state that lodged the detainer. See Gibbs v. Daisy, No. 1:06CV108, 2007 WL 2694491, at *3 (M.D.N.C. Sept. 11, 2007). It does not appear from the Defendant's letter that he has exhausted his state remedies with respect to this detainer. Accordingly, the Defendant's request must be denied. Such denial, however, is without prejudice to the Defendant seeking appropriate relief in the North Carolina state courts pursuant to the Interstate Agreement on Detainers, 18 U.S.C. App. 2 et seq., N.C. Gen. Stat. § 15A-761 et seq.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion for a release of detainer [Doc. 112], is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: August 10, 2021

Martin Reidinger
Chief United States District Judge

2

Case 1:10-cr-00067-MR-WCM   Document 113   Filed 08/10/21   Page 2 of 2