THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:10-cr-00067-MR-WCM-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| RYAN MITCHELL DSCHAK, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion for reconsideration of its Order denying the Defendant's motion for a release of detainer. [Doc. 114].

The Defendant previously filed a motion seeking to challenge a detainer lodged against him by the State of North Carolina. [Doc. 86]. On August 13, 2021, the Court entered an Order denying the Defendant's motion without prejudice, noting that before the Defendant could seek federal habeas relief with regard to a state detainer, he must first exhaust his state court remedies. [Doc. 113]. The Defendant now moves for reconsideration of that Order. [Doc. 114].

Upon review of the Defendant's motion, the Defendant's request for reconsideration is denied. The Defendant cannot challenge the imposition of a state detainer in this closed criminal proceeding. If he wishes to pursue such a challenge, he must first fully exhaust his state remedies. Upon exhaustion of such remedies, he may then file a federal habeas action. See Gibbs v. Daisy, No. 1:06CV108, 2007 WL 2694491, at *3 (M.D.N.C. Sept. 11, 2007).

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion for reconsideration [Doc. 114], is **DENIED**.

**IT IS SO ORDERED.**

Signed: September 13, 2021

Martin Reidinger
Chief United States District Judge

2

Case 1:10-cr-00067-MR-WCM   Document 116   Filed 09/13/21   Page 2 of 2